```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

TODDRICK O. HENDERSON,

       Plaintiff,

v.                              Case No.  2:22-cv-164-JES-NPM

STEPHEN GAHRMANN, JAMES COTTE, and MATTHEW MORALES-ROMAN,

       Defendants.
_____/

## OPINION AND ORDER

Plaintiff Toddrick O. Henderson, a prisoner of the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint alleging that officers at Charlotte Correctional Institution used excessive force against him. (Doc. 1). The Court now considers a motion to dismiss Plaintiff's official-capacity claims filed by Defendant Officers James Cotte and Matthew Morales-Roman. (Doc. 63). Henderson responded to the motion (Doc. 65), and it is ripe for review.

After carefully considering the pleadings, the Court grants the defendants' motion to dismiss Henderson's official-capacity claims.

### I.  Background

Henderson filed his 42 U.S.C. § 1983 complaint on March 14, 2022. (Doc. 1). Defendant Gahrmann waived service of process and filed a motion to dismiss Plaintiff's complaint on December 1,

2023.  (Doc. 33; Doc. 42).  On January 29, 2024, the Court granted Defendant Gahrmann's motion to dismiss Plaintiff's official-capacity claims, but allowed the individual-capacity claims to proceed.  (Doc. 44).

Defendants Cotte and Morales-Roman did not waive service of process until November 7, 2024. (Doc. 61).  Thereafter these defendants filed an answer to the complaint on December 20, 2024 (Doc. 64), and on the same date, moved to dismiss the official-capacity claims against them.  (Doc. 63).  Plaintiff opposes the motion.  (Doc. 65).

## II.  Standard of Review

In evaluating a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff.  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  However, the Supreme Court has explained that factual allegations must be more than speculative:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

> to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Discussion

In its January 29, 2024 Order, the Court described the factual allegations in Plaintiff's complaint as follows:

> On December 24, 2020, Henderson was approached by the three defendants, Officers Garhmann, Cotte, and Moralis-Roman, who told him that he was moving to F-dormitory. (Doc. 1 at 5). He was ordered to submit to hand restraints. (Id.) Henderson initially complained, and Defendant Gahrmann approached his cell door and told him that he (Henderson) did not run the prison. (Id. at 5–6). Henderson then complied, but Defendant Cotte applied the hand restraints too tightly. (Id. at 12). Henderson complained about the tight restraints, but was ignored. (Id.) The defendants removed Henderson from the cell and applied leg restraints, again too tightly. (Id.) Henderson complied with all orders given. (Id.) Henderson had to walk slowly because of the tight leg restraints. (Id. at 12–13). Defendant Cotte told Henderson to walk faster. (Id. at 13). Henderson explained that he could not do so because the leg restraints were too tight. (Id.) Defendant Cotte pushed him forward, and when Henderson complained, Defendant Cotte told him to stop being disorderly. (Id.) Henderson told him that he was not being disorderly, and

3

Defendant Cotte uttered a racial slur. (Id.) Henderson told Defendant Cotte that he planned to write a grievance about the slur. (Id.) After they reached F-dormitory, Henderson told Defendant Gahrmann about Defendant Cotte's use of the slur. (Id.) Defendant Gahrmann just answered that if Henderson "didn't come from section 8 and had the whole neighborhood going in and out of your mom's house," he wouldn't have to worry. (Id.) Henderson then told Defendant Gahrmann that he would write a grievance against him as well. (Id.)

Defendant Cotte told Henderson to stop being disorderly (even though Henderson was not resisting), but Henderson explained to Defendant Cotte that he could not walk faster because of the tight leg restraints. (Doc. 1 at 14). Defendants Cotte and Morales-Roman then pushed Henderson to the ground. (Id.) Once on the ground, Henderson lay still while Defendants Cotte and Morales-Roman punched him with closed fists on the face and back of the head. (Id.) Henderson told them that he wasn't going to move and asked them to stop punching him, but Defendant Cotte told him to shut up and punched him in the left eye three times. (Id.) He then attempted to slam Henderson's head on the concrete. (Id.) Defendant Cotte also tried to bend Henderson's fingers and bent his wrist until it hurt. (Id.) Henderson alleges that he was not being disorderly or fighting back. (Id. at 14-15). Defendant Gahrmann watched the use of force for about 45 seconds before ordering the staff members to stop. (Id. at 15).

Henderson asserts that he suffered swelling and bruising from the incident as well as a gash that required stitches and a wrist injury that still makes it difficult for him to lift more than a few pounds. (Doc. 1 at 15-16). He raises claims of excessive force against Defendants Cottes and Morales-Roman and a claim for failure-to-intervene against Defendant Gahrmann. (Id. at 6). He seeks

>> monetary damages and injunctive relief. (Id. at 9).

(Doc. 44 at 2-4 (footnote omitted)).

Defendants Cotte and Morales-Roman note that Plaintiff does not say whether his claims against them are brought in their official or individual capacities. (Doc. 63 at 4). They assert that, "considering the nature of Plaintiff's claims and the relief sought, it appears Plaintiff's claims against Defendants are brought against them in both their official and individual capacities." (Id.) They argue that the official-capacity claims must be dismissed because "an official capacity claim against a state employee is equivalent to a claim against the state itself" and that "the State of Florida has not waived its Eleventh Amendment immunity nor has such been abrogated by Congress." (Id. at 4-5). The Court agrees.

Official-capacity claims are "only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). Thus, Henderson's official-capacity claims against the defendants—who are employed by the Florida Department of Corrections (FDOC)—are essentially claims against the FDOC. The Eleventh Amendment generally bars suits for damages by an individual against a state, its agencies, and its employees, unless Congress has abrogated the

5

state's sovereign immunity or the state has consented to suit. Schultz v. Alabama, 42 F.4th 1298, 1314 (11th Cir. 2022). Congress has not abrogated the states' sovereign immunity in damages actions under section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-68 (1989). Because the FDOC is entitled to Eleventh Amendment immunity, Henderson's official-capacity claims for damages are dismissed. See Leonard v. Fla. Dep't of Corr., 232 F. App'x 892, 894 (11th Cir. 2007) ("The Department of Corrections is not amenable to suit because it has immunity under the Eleventh Amendment." (citing Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989))).[1]

### IV. Conclusion

The motion to dismiss filed by Defendants James Cotte and Matthew Morales-Roman (Doc. 63) is **GRANTED**. The official-capacity claims against these defendants are **DISMISSED**.

**DONE AND ORDERED** in Fort Myers, Florida on January 16, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Toddrick O. Henderson, counsel of record

---

[1] As explained in the Court's order on Defendant Gahrmann's motion to dismiss, Henderson's official-capacity claims for injunctive relief lack redressability and must also be dismissed. (Doc. 44 at 8-9).