```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TODDRICK O. HENDERSON,

      Plaintiff,

v.                              Case No. 2:22-cv-164-JES-NPM

STEPHEN GAHRMANN, JAMES COTTE, and MATTHEW MORALES-ROMAN,

      Defendants.
_____/

## SCHEDULING ORDER

The Court enters this Scheduling Order to govern the deadlines for discovery and dispositive motions:

1. **Discovery Deadline:** On or before **July 14, 2025,** the parties must complete all discovery—including filing any discovery-related motion. **The Court lifts the Federal Rule of Civil Procedure 26(a)(1)(B)(iv) exemption and requires each party to comply with Rule 26(a)(1)'s initial disclosures requirement.** Each party must timely serve all further discovery requests so the other side may respond before the deadline. The Court may deny as untimely motions to compel filed after the discovery deadline.

2. **Meet and Confer Deadline:** On or before **July 28, 2025,** the parties must meet and confer **in person** in a good faith effort to settle all pending issues. The parties must set aside enough time for a thorough and meaningful conference to resolve the case

by agreement.  The parties in attendance must have full authority to settle.

3.   **Report Regarding Settlement**:   On or before **August 11, 2025,** the parties must file a joint report on settlement that tells the Court whether (1) the case settled; (2) the case did not settle but the parties wish to continue settlement discussions for a certain period of time; (3) the parties wish to attend a formal mediation; and (4) either party requests a settlement conference before a magistrate judge.

4.   **Motions for Summary Judgment and Other Dispositive Motions**:  On or before **August 25, 2025,** the parties must file their motion for summary judgment.

   a. Number of Motions: Only **one** motion for summary judgment may be filed by a party (or multiple parties represented by the same counsel) absent leave of Court.

   b. Required Materials*:* A motion for summary judgment must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document not to exceed **25 pages** in length.  The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact. **Failure to submit a statement of material facts constitutes**

2

**grounds to deny the motion.**

An opposition to a motion for summary judgment must include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document not to exceed **25 pages** in length. The opposing party's response to statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs. Each denial must set forth a **pinpoint** citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, **any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.**

The movant may file a reply brief not to exceed **7 pages** in length with **pinpoint** citations to the record within **7 days** after service of the response unless the Court directs otherwise. Given the restriction on the context of a reply, any motion for a sur-reply is disfavored and should be made in exceptional circumstances.

When citing to the record, the parties should first

3

use any CM/ECF designated document number and page number throughout the briefs. Where no CM/ECF citation is available, a specific format like "Ex. 1., p.2" should be used throughout the brief. Further, a general reference to a deposition is inadequate—the page and line number of the deposition transcript must be included. For example, a general reference to "Deposition of Jones" is insufficient.

c. <u>Deposition Transcripts as Exhibits</u>*:* If depositions are filed to support a motion for summary judgment, the Court prefers the deposition be filed in its entirety (condensed version is fine) with exhibits.

d. <u>Exhibit Index</u>*:* A motion for summary judgment or a response with exhibits totaling over 10 pages must include an index to the exhibits that lists the exhibit number and title of the exhibit. Counsel must file the index as the **last** attachment to the parent document. Below is a sample exhibit index:

| Number | Title |
|--------|-------|
| 1 | Affidavit of John Smith |
| 2 | Jane Doe's Deposition |
| 3-A | Prison Policy (Part 1, Pages 1-15) |
| 3-B | Prison Policy (Part 2, Pages 16-24) |
| 4 | Medical Record from ABC Hospital dated March 1, 2020 |

e. <u>Oral Argument</u>*:* Unless specifically ordered, the Court

4

will not hold a hearing on any motion for summary judgment.

5. **Compliance:** All parties must fully comply with and meet the deadlines set in this Scheduling Order. A party who does not comply with the deadlines may be subject to sanctions. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f). Motions to extend the deadlines are disfavored. Deadlines may be modified only for good cause and with the judge's consent. Moving to extend a deadline does not toll the time to comply with the other deadlines set by rule or court order.

6. **Local Rule 3.01(g):** Despite *pro se* plaintiff's confinement, the parties are reminded of Local Rule 3.01(g)'s certification requirement to confer with the opposing party in a good-faith effort to resolve issue(s) before filing most motions including discovery-related motions. Failure to comply with the rule may cause the Court to deny or strike the motion.

7. **Settlement:** Counsel must immediately notify the Court if the case settles. Regardless of the status of settlement negotiations, the parties must appear for all scheduled hearings, the final pretrial conference, and trial.

8. **Final Pretrial Procedures:** If the case survives summary judgment, the Court will issue another scheduling order that sets the trial term, final pretrial conference, and other pretrial deadlines.

9. **Consent to Magistrate Judge:** On the consent of all parties, a United States Magistrate Judge may either (a) conduct

all proceedings, including the entry of a final order determining the case and a jury or non-jury trial, if warranted, or (b) conduct any and all proceedings and enter a final order as to specified motions only.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Local Rule 6.05.  Appeal is directly to the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia, in the same manner as an appeal from any other judgment of the district court.  28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).  Consent to proceed before a United States Magistrate Judge may reduce litigation time and costs, and secure the just, speedy, and inexpensive determination of this action.  *See* Fed. R. Civ. P. 1.  The parties are free to withhold consent without adverse substantive consequences, in which case a United States District Judge will enter final adjudication.

A party who wishes to consent to proceed before a United States Magistrate Judge for all proceedings including a final order and a trial, if warranted, shall sign and date Form AO85 and return the form to the Clerk.  A party who wishes to consent to proceed before a United States Magistrate Judge for all proceedings and entry of a final order as to only specified motions shall sign and date Form AO85A and return the form to the Clerk.

The **Clerk** is **DIRECTED** to send to all counsel and unrepresented parties a letter regarding proceedings before a United States Magistrate Judge, Form AO85, and Form AO85A.

10.  ***Pro Se* Materials:** The Clerk is **DIRECTED** to provide Plaintiff with a copy of the Middle District Discovery Handbook and Middle District of Florida Guide for Proceeding Without A Lawyer.

11.  Finally, given the age of this case, the Court will stay this action to provide the parties a reasonable opportunity to complete discovery and properly prepare a case for trial or motions for summary judgment. See Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (providing that "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition"). Therefore, the **Clerk** is **DIRECTED** to both **STAY THIS CASE** and to place a **STAY FLAG** on this file until the Court lifts the stay, which will occur after the deadline for filing dispositive motions.

**DONE and ORDERED** in Fort Myers, Florida on **January 16, 2025.**

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Toddrick Henderson, counsel of record

7